IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

QUINCEY CARPENTER
                                  PLAINTIFF

V.                 CIVIL ACTION NO. 3:07-CV-523HTW-LRA

W. DEAN PFEIFFER, EXECUTIVE DIRECTOR,
DEPARTMENT OF THE NAVY BOARD FOR
THE CORRECTION OF NAVAL RECORDS        DEFENDANTS

## ORDER OF DISMISSAL

The above styled and numbered cause was filed on September 5, 2007, against W. Dean Pfeiffer, the Executive Director of the Department of the Navy Board for the Correction of Naval Records. Summons was never issued and service of process was not accomplished within 120 days as is required by Rule 4(m)[1] of the Federal Rules of Civil Procedure. Rule 4(m) requires dismissal of a complaint without prejudice after notice to the plaintiff if service of process is not accomplished within 120 days after the filing of a complaint. After the court afforded plaintiff an opportunity to correct deficiencies regarding service of process, he served the defendant but failed to serve the United States by serving the United States Attorney General and the United States

---

[1]Rule 4(m) provides in pertinent part that:

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Attorney's Office in the district in which the suit was brought as required by Rule 4(i)[2] of the Federal Rules of Civil Procedure.

On February 9, 2009, this court issued an Order which directed the plaintiff within five days to show cause for his failure to appear, and informed the plaintiff that failure to respond as directed will result in dismissal of the case in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. The plaintiff has not responded as directed. Therefore, the above styled and numbered cause is hereby dismissed.

**SO ORDERED** this the 3rd day of March, 2009.

        **s/ HENRY T. WINGATE**
        **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:07-cv-523 HTW-LRA
Order of Dismissal

---

[2]Rule 4(i) provides in pertinent part:

(1) To serve the United States, a party must:
    (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
    (ii) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
    (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. . . .

(2) To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer or employee.